(124 So. 123)

**PARCUS v. STATE.   (8 Div. 737.)**

Court of Appeals of Alabama.   June 29, 1929.

Rehearing Denied Oct. 8, 1929.

Joe Starnes, of Guntersville, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J. The indictment in this case, in proper form and substance, charged this appellant with the offenses of distilling, making, or manufacturing alcoholic, spirituous, malted, or mixed liquors or beverages, a part of which was alcohol; and of the unlawful possession of a still, etc., to be used for that purpose.

■ The corpus delicti was proven without dispute, and the evidence offered by the state tended to show that this appellant was present (with several others) and was working at the still and was at the time of the raid actually engaged in its operation. The defendant testified in his own behalf, and admitted his presence at the still, but denied that he was engaged in its operation, and insisted that he was not in possession thereof. This conflict in the evidence made a question for the jury.

■ The exceptions reserved to the court's rulings upon the admission of evidence are without merit and cannot be sustained. The offense comprehended, or charged, in the third count of the indictment—unlawful possession of a still, etc.—is continuous in its nature; therefore evidence of prior acts of ownership and possession would be admissible for that reason.

■ There was no error in the oral charge of the court, and the exceptions reserved in this connection cannot avail the appellant. The oral charge must be considered as a whole, and when so considered here it discloses an able, exhaustive, and correct statement of all phases of the law pertinent upon this trial.

Such of the refused charges as properly stated the law were fairly and substantially covered by the oral charge, and by the special charges given at request of appellant.

The subject-matter, upon which the motion for new trial was based, related only to points of decision which arose upon the main trial. There was no error in overruling said motion. The record is regular in all things. Judgment of conviction appealed from is affirmed.

Affirmed.